IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                           CASE No.      18-19324-RAM

VONETTA JOHNSON                           Chapter 13

            DEBTOR.
_____/

**<u>OBJECTION TO CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN</u>**

Secured Creditor, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 (the "Secured Creditor") objects to confirmation of the First Amended Chapter 13 Plan (Doc. 18) (the "Plan") of the Debtor, Vonetta Johnson (the "Debtor"), and provides the following in support thereof:

1.      Secured Creditor's claim is secured only by a first mortgage security interest encumbering real property located at 15945 NW 20 Ave, Opa Locka, FL 33054 that is the debtor's principal residence and is protected from modification pursuant to 11 U.S.C. § 1322(b)(2). Debtor claimed the collateral as exempt homestead property on Schedule C. Secured Creditor's Proof of Claim No. 5 was filed timely on October 2, 2018.

2.      **The Plan understates pre-petition arrearage and amount of current payments.** The amount of the current monthly mortgage installments is $1,238.17 per Proof of Claim No. 5 of which the Plan only provides to pay $744.00, resulting in a deficit of $494.17 per month. The pre-petition arrearage balance is $90,856.90 per Proof of Claim No. 5 of which the Plan omits to pay entirely. Accordingly, the value of property to be distributed to the Secured Creditor under the Plan is less than the allowed amount of its claim in violation of 11 U.S.C. §§ 1322(b)(2) and 1325. A Plan which does not accomplish payment of pre-petition arrearages in full does not result in a discharge in bankruptcy of

the unpaid pre-petition arrearages under the holding of *In re: Carmen Bateman, Universal American Mortgage Company v. Bateman*, 331 F.3d 821 (11th Cir. 2003):

> We hold that although the parties are bound to the terms of the Plan, as confirmed, Universal's secured claim for arrearage survives the Plan and it retains its rights under the mortgage until Universal's claim is satisfied in full. If that satisfaction is not forthcoming, after the automatic stay is lifted, Universal will be entitled to act in accordance with the rights as provided in the mortgage to satisfy its claim. *Bateman, supra.*, at 834.

Therefore, it is in the Debtor's interest as well as their obligation to pay the full amount of the arrearage through the Plan to avoid a foreclosure for these amounts at the conclusion of the Plan.

3. **Debtor's plan proposes mortgage modification mediation ("MMM"), but the Debtor's have failed to file a Motion for MMM to date.** Pursuant to local rules, the MMM process is initiated by Order of this Court and the MMM process cannot be initiated by plan proposal alone. To date, the Debtor has failed to file any motion to direct parties to MMM, and thus, a Plan that proposes MMM without an accompanying Order for MMM is not feasible. Accordingly, confirmation of this Plan should be denied.

4. **Plan fails to provide adequate protection as required by local rules.** Local Rule require that the Debtor pay at least 31% of gross income during the pendency of an MMM to adequately protect a mortgage creditor. Pursuant to Schedule I, the Debtor's gross income is $3,202.26, and 31% of such is $992.70. Therefore, the proposed payments of $744.00 per month are insufficient, and the Debtor must pay at least $992.70 per month during the pendency of the MMM to adequately protect the Secured Creditor.

5. **Debtor lacks disposable income to fund plan.** Schedule J Line 23(c) states that Debtor's monthly net income is $1,879.76, which monthly disposable income is insufficient to pay the current monthly mortgage installment payments of $1,238.17, and leaves no disposable income to pay any amounts on the $90,856.90 arrearage, or the Trustee's fees and other items. Confirmation of the

Our Case #: 18-000566-OBJ\18-19324-RAM\FAY

Chapter 13 Plan should be denied pursuant to 11 U.S.C. § 1325(a)(6) because Debtor will not be able to make all payments under the plan or to comply with the plan.

      6.      Secured creditor is entitled to attorneys' fees pursuant to 11 U.S.C. § 1322(e) which fees should be added to the balance due on the Note and Mortgage pursuant to the terms of those documents, but attorneys' fees should not be a personal obligation of the Debtor.

WHEREFORE, Secured Creditor, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, respectfully requests that this Honorable Court enter an Order denying Confirmation of Debtor's First Amended Chapter 13 Plan and dismissing the Chapter 13 bankruptcy with prejudice, together with fees as set forth in paragraph 5 above.

**Tromberg Law Group, P.A.**

**BY:** /s/ April Hosford Stone
Attorney for Secured Creditor
1515 South Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone #: 561-338-4101
Fax #: 561-338-4077
FBN 0091388
ecf@tromberglawgroup.com
astone@tromberglawgroup.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on October 31, 2018, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants listed below:

Jacqueline C. Ledón, Esq.
4343 W Flagler St Ste 100
Miami, FL 33134
jledon@legalservicesmiami.org

U.S. Trustee Southern District of Florida
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

Nancy K. Neidich
POB 279806
Miramar, FL 33027
ecf2@ch13herkert.com

On October 31, 2018, a true and correct copy was mailed to the non-CM/ECF participants listed below:

Vonetta Johnson
15945 NW 20th Avenue
Opa Locka, FL 33054

Our Case #: 18-000566-OBJ\18-19324-RAM\FAY

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Tromberg Law Group, P.A.**

**BY:** /s/ April Hosford Stone
Attorney for Secured Creditor
1515 South Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone #: 561-338-4101
Fax #: 561-338-4077
FBN 0091388
ecf@tromberglawgroup.com
astone@tromberglawgroup.com